COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

PLYMOUTH, ss

BROCKTON SESSION
CIVIL ACTION
DOCKET NO.

PLCV 2004 - 00/31

ROBERT L. ROMBOLI by his
ADMINISTRATRIX, CORNELIA ROMBOLI,
and CORNELIA ROMBOLI, Individually,
    Plaintiffs,

v.

A RITCHIE COMPANY,
    Defendant.

## COMPLAINT WITH JURY DEMAND

1. The plaintiff, Robert L. Romboli, deceased on August 3, 2003, worked for the United States Postal Service, "Service", as a mailhandler in the Brockton Processing and Distribution Center, "Plant", of the Service.
2. The plaintiff, Cornelia Romboli, during all relevant times lived in Carver, Massachusetts and was married to Robert L. Romboli.
3. The defendant A. Ritchie Company of Chicopee, Massachusetts is an independent contractor hauling strapped bundles of flattened cardboard boxes for the Service in tractor trailers.
4. On July 7, 2001, Robert L. Romboli while in the performance of his duties operating a forklift in the trailer was struck by a bundle of flattened boxes weighing several hundred pounds which was improperly loaded by the defendant company, its agents or employees.
5. As a result of his injuries Mr. Romboli was disabled from work until he died from a pre-existing cancer.
6. The injuries he received involved a crush injury to his right upper and lower extremities involving an ulnar neuropathy at the right elbow, mild median neuropathy at the right wrist, a mild right C8-T1 radiculopathy, a right lower trunk brachial pexopathy, a right peroneal neuropathy across the fibular head and an ankle involvement.

## COUNT ONE
## NEGLIGENCE

7. The defendant was obligated to load and pack strapped bundles of flattened cardboard boxes, each weighing several hundred pounds in a stable and safe manner.
8. Each strapped bundle which resembled a cube of approximately five feet on a side would then be stacked with a flat wooden board between the cubes. The strapped bundles would be stacked on top of each other to a height of approximately 10 feet.
9. The deceased plaintiff would enter the trailer in a fork lift and remove each cube to a loading dock.
10. On the evening of July 7, 2001 while unloading the trailer one of the improperly stacked cubes fell on the deceased plaintiff causing severe injuries.
11. The Service determined that the bundles were improperly loaded and was the proximate cause of the decedent's injury.
12. The decedent applied for and received workers compensation for his injuries
13. The decedent was unable to return to work, and died form an unrelated cause, cancer, on August 3, 2003.
14. The defendant breached its obligation of due care when it improperly packed the trailer for dispatch to the Plant.
15. The defendant had previously cited for improper loading by the Service.
16. The defendant breached its duty of care and this was the proximate cause of the decedent's injury.
17. As a result of the injury the last two years of the decedent's life was made more painful and his physical suffering was increased beyond the normal treatment for cancer.

## COUNT TWO
## LOSS OF CONSORTIUM

18. The plaintiff realleges paragraphs one through seventeen as more fully set forth above.
19. The plaintiff cared for the decedent through his injuries. The plaintiff was deprived of the marital support of her husband through his treatment.
20. The decedent was unable to offer comfort and support to his wife during the period July 7, 2001 through his death.
21. The decedent's life which was limited by the cancer, was made progressively more painful because of his injuries ands lack of mobility.

10/18/04 14:43 FAX 972 465 7605 JLT Case 1:04-cv-12212-JLT   Document 1-3   Filed 10/21/2004   Page 3 of 3
Oct 13 04 10:32a   Ala  litchey Inc   940-7  -545    p.6
ID:   PAGE   5/5

## COUNT THREE
## LOSS OF INSURANCE BENEFITS

22. The plaintiff realleges paragraphs one through seventeen as more fully set forth above.
23. The life insurance which active work status conferred on the decedent was reduced when he was placed on workers compensation.
24. The plaintiff's life insurance benefit was reduced by the Service because of the change of work status.
25. The status change was as a direct result of the injuries he sustained on July 7 2001.
26. The plaintiff was the beneficiary of the life insurance policy with the Service

### THE PLAINTIFFS CLAIMS A TRIAL BY JURY

WHEREFORE the plaintiff prays that this honorable court will:

a. Enter judgment on all counts for the plaintiff in her capacity as wife, administratrix and beneficiary under a contract for insurance, and
b. Such other relief which is allowable by law or equity.

CORNELIA ROMBOLI

By her attorney,

Cornelius V. Sullivan
SULLIVAN & WALSH
51 Ellison Avenue
Mattapan, MA 02126-2803
(617) 296-0552
FAX (617) 296-0005