UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT L. ROMBOLI by his Adm'x, )
CORNELIA ROMBOLI, and )
CORNILIA ROMBOLI, Ind'lly, Plaintiffs ) CIVIL ACTION NO. 04-12212 JLT
)
v. )
)
A. RITCHIE COMPANY, Defendant )

### DEFENDANT'S MOTION TO IMPLEAD THIRD PARTY DEFENDANT

Now comes the defendant, whose correct name is ALAN RITCHEY, INC., and moves for leave, as third party plaintiff, to cause to be served upon COP TRANSPORTATION, INC., a third party complaint, a true copy of which is appended hereto as Tab 1.

                               A. RITCHIE COMPANY [sic], whose correct
                               name is ALAN RITCHEY INC., Defendant

                               By _____
                               JOHN B. STEWART (BB0 #551180)
                               MORIARTY, DONOGHUE & LEJA, P.C
                               1331 Main Street
                               Springfield, MA 01103
                               (413) 737-4319

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the within motion and attachments was served upon each other party or counsel of record on November 15, 2004, in compliance with Local Rule 15.1(B).

                               _____
                               JOHN B. STEWART (BB0 #551180)
                               MORIARTY, DONOGHUE & LEJA, P.C.

# TAB 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT L. ROMBOLI by his Adm'x, CORNELIA ROMBOLI, and CORNILIA ROMBOLI, Ind'lly, Plaintiffs<br><br>v.<br><br>A. RITCHIE COMPANY [sic], Defendant and Third Party Plaintiff<br><br>v.<br><br>COP TRANSPORTATION, INC., Third Party Defendant | CIVIL ACTION NO. 04-12212 JLT |

## THIRD PARTY COMPLAINT
[FED. R. CIV. P. 14]

Now comes the defendant, whose correct name is ALAN RITCHEY INC., and as third party plaintiff asserts the following third party complaint against the third party defendant, COP TRANSPORTATION, INC., as follows:

1. The third party plaintiff is the defendant in the first party action, ALAN RITCHEY INC., a duly organized Texas corporation with its principal place of business in Valley View, Texas.

2. The third party defendant is COP TRANSPORTATION, INC., a duly organized Massachusetts corporation with its principal place of business at 270 West Street, Ludlow, Massachusetts.

3. The defendant/third party plaintiff, ALAN RITCHEY INC., has been sued by the first party plaintiff, CORNELIA ROMBOLI, making allegations that ALAN RITCHEY INC., owed a duty of care to her decedent, and was negligent in a

way that caused injury to him, resulting in personal injuries, general and special damages, all as set forth in the plaintiff's complaint attached hereto as Exhibit A and incorporated herein by reference.

4. The defendant and third party plaintiff, ALAN RITCHEY INC., generally denies the plaintiff's allegations and further says that the third party defendant, COP TRANSPORTATION, INC., was the motor carrier/shipper which, subject to the terms and conditions of Bill of Lading #401503 and federal motor carrier laws and regulations, carried 44 pallets of trays and sleeves accepted from ALAN RITCHEY INC. at the Westover Metropolitan Airpark West in Chicopee, Massachusetts, and carried them to the Brockton Post Office where the plaintiff's decedent was allegedly injured.

5. The third party defendant, COP TRANSPORATION, INC., was under a legal obligation not to operate its truck unless the cargo contained in its trailer was properly distributed and adequately secured.

6. At the time the 44 pallets were loaded in the trailer accepted for carriage by COP TRANSPORATION, INC., the cargo therein was properly distributed and adequately secured.

7. Thereafter, during the trip between Westover/Chicopee and Brockton, COP TRANSPORATION, INC.'s, driver was legally required to assure himself the load in the trailer was properly distributed and adequately secured (a) before leaving and (b) then again within the first 50 miles after beginning his trip.

8. The third party defendant, COP TRANSPORATION, INC., owed a duty of care to the plaintiff's decedent to make a reasonable inspection to see that the load

in the trailer was properly distributed, and, if necessary, secured, in order to prevent shifting.

9. The third party defendant, COP TRANSPORTATION, INC., was negligent in carrying out its duties owed by virtue of its responsibilities for the trailer load carried from Chicopee/Westover to the Brockton post office under the Bill of Lading, federal motor carrier laws and regulations and the common law.

10. As a result, if the trailer load was unsafe and unsecure when it was delivered to the Brockton post office as alleged by the plaintiff, then the third party defendant, COP TRANSPORATION, INC., was responsible for that condition and liable for the plaintiff's damages.

COUNT I
(Indemnification)

11. The acts and conduct of the third party defendant, COP TRANSPORTATION, INC., set forth above make it responsible to the third party plaintiff, ALAN RITCHEY INC., for any and all damages adjudged against it.

**WHEREFORE**, the third party plaintiff, ALAN RITCHEY INC., respectfully prays for judgment against the third party defendant, COP TRANSPORTATION, INC., in the amount of any and all damages adjudged in the plaintiff's favor against it, or paid in settlement, and its attorneys fees, interest and costs.

COUNT II
(Contribution)

12. The third party plaintiff ALAN RITCHEY INC. incorporates herein by reference its previous allegations set forth in ¶¶ 1-10, supra.

13. If the third party plaintiff, ALAN RITCHEY INC., and COP TRANSPORATION, INC., are jointly liable in tort for the plaintiff's damages, then ALAN RITCHEY INC. is entitled to contribution from COP TRANSPORATION, INC., in the amount of its pro-rata share of any judgment against it in favor of the plaintiff, and its attorneys fees, interest and costs.

**WHEREFORE**, the third party plaintiff, ALAN RITCHEY INC., respectfully prays for judgment against the third party defendant, COP TRANSPORTATION, INC., in the amount of its pro-rata share of such damages as are adjudged in the plaintiff's favor against it, or paid in settlement, and its attorneys fees, interest and costs.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), the defendant demands a trial by jury on all claims.

ALAN RITCHEY INC., Defendant and Third Party Plaintiff

By _____
JOHN B. STEWART (BB0 #551180)
MORIARTY, DONOGHUE & LEJA, P.C
1331 Main Street
Springfield, MA 01103
(413) 737-4319

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the within document was served upon each other party or counsel of record on November 15th, 2004.

_____
JOHN B. STEWART (BB0 #551180)
MORIARTY, DONOGHUE & LEJA, P.C.

4

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

PLYMOUTH, ss

BROCKTON SESSION
CIVIL ACTION
DOCKET NO.

PLCV 2004 - 00831

ROBERT L. ROMBOLI by his
ADMINISTRATRIX, CORNELIA ROMBOLI,
and CORNELIA ROMBOLI, Individually,
    Plaintiffs,

v.

A RITCHIE COMPANY,
    Defendant.

## COMPLAINT WITH JURY DEMAND

1. The plaintiff, Robert L. Romboli, deceased on August 3, 2003, worked for the United States Postal Service, "Service", as a mailhandler in the Brockton Processing and Distribution Center, "Plant", of the Service.
2. The plaintiff, Cornelia Romboli, during all relevant times lived in Carver, Massachusetts and was married to Robert L. Romboli.
3. The defendant A. Ritchie Company of Chicopee, Massachusetts is an independent contractor hauling strapped bundles of flattened cardboard boxes for the Service in tractor trailers.
4. On July 7, 2001, Robert L. Romboli while in the performance of his duties operating a forklift in the trailer was struck by a bundle of flattened boxes weighing several hundred pounds which was improperly loaded by the defendant company, its agents or employees.
5. As a result of his injuries Mr. Romboli was disabled from work until he died from a pre-existing cancer.
6. The injuries he received involved a crush injury to his right upper and lower extremities involving an ulnar neuropathy at the right elbow, mild median neuropathy at the right wrist, a mild right C8-T1 radiculopathy, a right lower trunk brachial pexopathy, a right peroneal neuropathy across the fibular head and an ankle involvement.

## COUNT ONE
## NEGLIGENCE

7. The defendant was obligated to load and pack strapped bundles of flattened cardboard boxes, each weighing several hundred pounds in a stable and safe manner.
8. Each strapped bundle which resembled a cube of approximately five feet on a side would then be stacked with a flat wooden board between the cubes. The strapped bundles would be stacked on top of each other to a height of approximately 10 feet.
9. The deceased plaintiff would enter the trailer in a fork lift and remove each cube to a loading dock.
10. On the evening of July 7, 2001 while unloading the trailer one of the improperly stacked cubes fell on the deceased plaintiff causing severe injuries.
11. The Service determined that the bundles were improperly loaded and was the proximate cause of the decedent's injury.
12. The decedent applied for and received workers compensation for his injuries.
13. The decedent was unable to return to work, and died form an unrelated cause, cancer, on August 3, 2003.
14. The defendant breached its obligation of due care when it improperly packed the trailer for dispatch to the Plant.
15. The defendant had previously cited for improper loading by the Service.
16. The defendant breached its duty of care and this was the proximate cause of the decedent's injury.
17. As a result of the injury the last two years of the decedent's life was made more painful and his physical suffering was increased beyond the normal treatment for cancer.

## COUNT TWO
## LOSS OF CONSORTIUM

18. The plaintiff realleges paragraphs one through seventeen as more fully set forth above.
19. The plaintiff cared for the decedent through his injuries. The plaintiff was deprived of the marital support of her husband through his treatment.
20. The decedent was unable to offer comfort and support to his wife during the period July 7, 2001 through his death.
21. The decedent's life which was limited by the cancer, was made progressively more painful because of his injuries ands lack of mobility.

## COUNT THREE
## LOSS OF INSURANCE BENEFITS

22. The plaintiff realleges paragraphs one through seventeen as more fully set forth above.
23. The life insurance which active work status conferred on the decedent was reduced when he was placed on workers compensation.
24. The plaintiff's life insurance benefit was reduced by the Service because of the change of work status.
25. The status change was as a direct result of the injuries he sustained on July 7, 2001.
26. The plaintiff was the beneficiary of the life insurance policy with the Service.

## THE PLAINTIFFS CLAIMS A TRIAL BY JURY

WHEREFORE the plaintiff prays that this honorable court will:

a. Enter judgment on all counts for the plaintiff in her capacity as wife, administratrix and beneficiary under a contract for insurance, and
b. Such other relief which is allowable by law or equity.

CORNELIA ROMBOLI

By her attorney,

Cornelius V. Sullivan
SULLIVAN & WALSH
51 Ellison Avenue
Mattapan, MA 02126-2803
(617) 296-0552
FAX (617) 296-0005