UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT ROMBOLI, by his Adm'x, CORNELIA ROMBOLI, and CORNELIA ROMBOLI, Ind'lly, Plaintiff<br><br>v.<br><br>A. RITCHIE COMPANY, Defendant | CIVIL ACTION NO. 04-12212-JLT |

## PARTIES' JOINT STATEMENT

### Background

The plaintiff's decedent was a fork lift operator who was injured at the Brockton Post Office on July 7, 2001 when unloading a trailer. It appears the trailer had been loaded in at the Westover Air Park facility by the defendant in Chicopee, Massachusetts, and then transported by a driver employed by COP Transportation (or a sister corporation, Springfield Truck Leasing, Inc.) from Westover to Brockton. The plaintiff alleges an exacerbation of a cervical condition and disability. He did not return to work after the accident. He succumbed to cancer in 2003. The plaintiff seeks personal injury damages from the date of the accident until his death, as well other economic damages (loss of insurance benefits).

### Compliance with Court's Order of 12/9/04

The defendant has complied with the Court's Order of December 9, 2004 directing them to exchange "automatic discovery" documents and identities of persons with knowledge of discoverable matters and a list of persons each wants to depose, and the plaintiff's compliance is occurring presently.

### Joint Statement

Now come the parties and submit their joint statement pursuant to Local Rule 16 and the Notice of Scheduling Conference (Docket #20), as follows:

I. Joint Discovery Plan

    a. <u>Automatic Discovery</u> - - The parties have already begun their compliance with automatic discovery and anticipate automatic discovery will be completed not later than January 10, 2005.

    b. <u>Written Discovery</u> - - If permitted by the court, the parties will serve their written discovery (interrogatories, requests for production and admissions) in advance of February 1, 2005. Responses will be due on or before April 1, 2005.

    c. <u>Non-expert Depositions</u> - - The parties do not anticipate taking more than five witness depositions per side. They have or presently are exchanging the names of persons they wish to depose. If permitted, lay depositions will be completed on or before October 1, 2005.

    d. <u>Medical Exam and Inspections</u> - - The parties will complete any inspections under Rule 34 on or before October 1, 2005. Medical examinations are inapplicable in this case.

    e. <u>Expert Disclosure and Depositions</u> - - For any experts the plaintiff wishes to have testify at trial, the plaintiffs shall serve reports and other accompanying information required by Rule 26 to the defendant on or before November 1, 2005. the defendant will do likewise by December 15, 2005. Depositions of experts, if any, will take place on or before February 1, 2006.

    f. <u>Final Pre-Trial Conference</u>: The parties anticipate this case will be ready for a final conference on or after March 1, 2006.

II. Motions

    a. The defendant filed a motion to implead COP Transportation on November 25, 2004. No opposition has been filed by either the plaintiff or the prospective third party defendant. Since the filing of that motion, the defendant has been informed that, although COP Transportation held the transport contract with the U.S. Postal Service, a sister corporation, Springfield Truck Leasing, Inc., employed the driver and owned the trailer allegedly responsible for the plaintiff's accident. The defendant/prospective third party plaintiff requests the court for additional leave to add Springfield Truck Leasing, Inc., which is aware of this request, as an additional third party defendants, along with its driver. Its insurer has been notified about this case.

    b. The defendant issued two subpoenaes for records on November 4, 2004, one to the Mailhandler's Union Local #301 and one to COP Transporation. The response dates on each subpoena was December 3, 2004. The defendant will attempt to cajole compliance under Local Rules 7.1 and 37.1. If an impasse is reached, the defendant may request the court for an order compelling compliance.

    c. Following an adequate time for discovery, the defendant may move for summary judgment on the negligence claim against it, and/or may seek partial summary judgment to limn the plaintiff's damages claims. Such motion would be file on or before October 15, 2005.

    d. The court should order the pleadings amended, nunc pro tunc,

reflecting the name of the defendant as: "Alan Ritchey Inc." No other motions are anticipated by the parties at this time.

III.   Other Matters

None apparent at this time.

| | |
|---|---|
| CORNELIA ROMBOLI, Ind'lly and Plaintiff | A. RITCHIE COMPANY [sic], as Adm'x, Defendant |
| By *Cornelius Sullivan* JBS.<br>CORNELIUS J. SULLIVAN<br>SULLIVAN & WALSH<br>51 Ellison Avenue<br>Mattapan, MA 02126-2803<br>(617) 296-0552 | By _____<br>JOHN B. STEWART<br>MORIARTY, DONOGHUE & LEJA, P.C.<br>1331 Main Street<br>Springfield, MA 01103<br>(413) 737-4319 |

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the within motion was served upon each other party by first class mail on December 30, 2004.

_____
JOHN B. STEWART
MORIARTY, DONOGHUE & LEJA, P.C.