UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT L. ROMBOLI by his Adm'x, )<br>CORNELIA ROMBOLI, and )<br>CORNILIA ROMBOLI, Ind'lly, Plaintiffs )<br> )<br>v. )<br> )<br>A. RITCHIE COMPANY [sic], )<br>Defendant and Third Party Plaintiff )<br> )<br>v. )<br> )<br>COP TRANSPORTATION, INC., and )<br>SPRINGFIELD TRUCK LEASING, INC., )<br>Third Party Defendants ) | CIVIL ACTION NO. 04-12212 JLT |

### THIRD PARTY COMPLAINT
[FED. R. CIV. P. 14]

Now comes the defendant, whose correct name is ALAN RITCHEY INC., and as third party plaintiff asserts the following third party complaint against the third party defendants, COP TRANSPORTATION, INC., and SPRINGFIELD TRUCK LEASING, INC., as follows:

1. The third party plaintiff is the defendant in the first party action, ALAN RITCHEY INC., a duly organized Texas corporation with its principal place of business in Valley View, Texas.

2. The third party defendant, COP TRANSPORTATION, INC., is a duly organized Massachusetts corporation with its principal place of business at 270 West Street, Ludlow, Massachusetts.

3. The third party defendant, SPRINGFIELD TRUCK LEASING, INC., is a duly organized Massachusetts corporation with its principal place of business at 270 West Street, Ludlow, Massachusetts.

4. The defendant/third party plaintiff, ALAN RITCHEY INC., has been sued by the first party plaintiff, CORNELIA ROMBOLI, making allegations that ALAN RITCHEY INC., owed a duty of care to her decedent, and was negligent in a way that caused injury to him, resulting in personal injuries, general and special damages, all as set forth in the plaintiff's complaint attached hereto as Exhibit A and incorporated herein by reference.

5. The defendant and third party plaintiff, ALAN RITCHEY INC., generally denies the plaintiff's allegations and further says that one or both of the third party defendants, COP TRANSPORTATION, INC., and/or SPRINGFIELD TRUCK LEASING, INC., was the motor carrier/shipper which, subject to the terms and conditions of Bill of Lading #401503 and federal motor carrier laws and regulations, carried 44 pallets of trays and sleeves accepted from ALAN RITCHEY INC. at the Westover Metropolitan Airpark West in Chicopee, Massachusetts, and carried them to the Brockton Post Office where the plaintiff's decedent was allegedly injured.

6. One or both of the third party defendants, COP TRANSPORATION, INC. and/or SPRINGFIELD TRUCK LEASING, INC., was under a legal obligation not to operate its truck unless the cargo contained in its trailer was properly distributed and adequately secured.

2

7. At the time the 44 pallets were loaded in the trailer accepted for carriage by COP TRANSPORATION, INC., and/or SPRINGFIELD TRUCK LEASING, INC., the cargo therein was properly distributed and adequately secured.

8. Thereafter, during the trip between Westover/Chicopee and Brockton, the CDL driver who was an agent and/or employee of COP TRANSPORATION, INC., and/or SPRINGFIELD TRUCK LEASING, INC., was legally required to assure himself the load in the trailer was properly distributed and adequately secured (a) before leaving and (b) then again within the first 50 miles after beginning his trip.

9. The third party defendants, COP TRANSPORTATION, INC., and/or SPRINGFIELD TRUCK LEASING, INC., owed a duty of care to the plaintiff's decedent to make a reasonable inspection to see that the load in the trailer was properly distributed, and, if necessary, secured, in order to prevent shifting.

10. One or both or the third party defendants, COP TRANSPORTATION, INC. and/or SPRINGFIELD TRUCK LEASING, INC., was negligent in carrying out its duties owed by virtue of its responsibilities for the trailer load carried from Chicopee/Westover to the Brockton post office under the Bill of Lading, federal motor carrier laws and regulations and the common law.

11. As a result, if the trailer load was unsafe and unsecure when it was delivered to the Brockton post office as alleged by the plaintiff, then the third party defendants, COP TRANSPORATION, INC., SPRINGFIELD TRUCK

LEASING, INC., either or both, was responsible for that condition and liable for the plaintiff's damages.

## COUNT I
### (Indemnification)

12. The acts and conduct of the third party defendant, COP TRANSPORTATION, INC., set forth above make it responsible to the third party plaintiff, ALAN RITCHEY INC., for any and all damages adjudged against it.

**WHEREFORE**, the third party plaintiff, ALAN RITCHEY INC., respectfully prays for judgment against the third party defendant, COP TRANSPORTATION, INC., in the amount of any and all damages adjudged in the plaintiff's favor against it, or paid in settlement, and its attorney's fees, interest and costs.

## COUNT II
### (Contribution)

13. The third party plaintiff ALAN RITCHEY INC. incorporates herein by reference its previous allegations set forth in ¶¶ 1-11, supra.

14. If the third party plaintiff, ALAN RITCHEY INC., and COP TRANSPORATION, INC., are jointly liable in tort for the plaintiff's damages, then ALAN RITCHEY INC. is entitled to contribution from COP TRANSPORATION, INC., in the amount of its pro-rata share of any judgment against it in favor of the plaintiff, and its attorney's fees, interest and costs.

**WHEREFORE**, the third party plaintiff, ALAN RITCHEY INC., respectfully prays for judgment against the third party defendant, COP TRANSPORTATION, INC., in the amount of its pro-rata share of such damages as are adjudged in the plaintiff's favor against it, or paid in settlement, and its attorney's fees, interest and costs.

## COUNT III
(Indemnification)

15. The third party plaintiff ALAN RITCHEY INC. incorporates herein by reference its previous allegations set forth in ¶¶ 1-11, supra.

16. The acts and conduct of the third party defendant, SPRINGFIELD TRUCK LEASING , INC., set forth above make it responsible to the third party plaintiff, ALAN RITCHEY INC., for any and all damages adjudged against it.

**WHEREFORE**, the third party plaintiff, ALAN RITCHEY INC., respectfully prays for judgment against the third party defendant, SPRINGFIELD TRUCK LEASING, INC., in the amount of any and all damages adjudged in the plaintiff's favor against it, or paid in settlement, and its attorney's fees, interest and costs.

## COUNT IV
(Contribution)

17. The third party plaintiff ALAN RITCHEY INC. incorporates herein by reference its previous allegations set forth in ¶¶ 1-11, supra.

18. If the third party plaintiff, ALAN RITCHEY INC., and SPRINGFIELD TRUCK LEASING, INC., are jointly liable in tort for the plaintiff's damages, then ALAN RITCHEY INC. is entitled to contribution from SPRINGFIELD TRUCK LEASING, INC., in the amount of its pro-rata share of any judgment against it in favor of the plaintiff, and its attorneys fees, interest and costs.

**WHEREFORE**, the third party plaintiff, ALAN RITCHEY INC., respectfully prays for judgment against the third party defendant, SPRINGFIELD TRUCK LEASING, INC., in the amount of its pro-rata share of such damages as are adjudged in the plaintiff's favor against it, or paid in settlement, and its attorneys fees, interest and costs.

DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), the defendant demands a trial by jury on all claims.

ALAN RITCHEY INC., Defendant and Third Party Plaintiff

By _____
JOHN B. STEWART (BBO #551180)
MORIARTY, DONOGHUE & LEJA, P.C
1331 Main Street
Springfield, MA 01103
(413) 737-4319